JAMES M. FISHER *v.* WADE FISHER *et al.*

STATUTE OF LIMITATIONS. *Veudor's lien.* Where the legal title has passed to the vendee, and no lien was retained in the deed, the notes given for the purchase money may become barred by the statute. The implied lien of the vendor is then also extinguished.

Case cited: Lincoln *v.* Purcell, 2 Head, 143.

## FROM DECATUR.

Appeal from the Chancery Court. G. H. NIXON, Chancellor.

A. & A. HAWKINS for Fisher's heirs.

JONES & CARTHEL and WALTERS for Wallace *et al.*

DEADERICK, J., delivered the opinion of the court.

The bill in this case was filed in the Chancery Court of Decatur county on the 27th of May, 1873, to enforce a vendor's lien.

On the 8th of March, 1862, complainant and W. L. Fisher sold and conveyed by deed a tract of land in said county to M. J. Fisher, for which the latter executed two notes of $500 each, due respectively in one and two years.

In the fall of 1862 or 1863, M. J. Fisher, the purchaser, died intestate, and defendants Wade and Wyatt administered on his estate in 1865. Afterward,

W. L. Fisher, one of the vendors, died, and complainant alleges that he administered upon his estate, and that all the purchase money in equity belongs to him.

The heirs at law, as well as the administrator of M. J. Fisher, are made defendants, and the bill prays that the land be sold, and that the proceeds of sale be applied to satisfy the two notes executed for purchase money, which are exhibited with the bill.

Defendants all answer, and rely upon the statute of limitations of two, six, and seven years as defenses to complainant's bill, and to any recovery upon said notes.

It is manifest that the statute of limitations of two years and six months are effectual bars against any recovery upon the notes. The deed, so far from retaining any lien, recites that the purchase money has been fully paid. If the purchase money has been paid, or the right to recover it by suit extinguished or defeated by the statute of limitations, where the legal title has passed to the vendee by an absolute conveyance, without any reservation of a lien, the implied lien between vendor and vendee for the payment of the purchase money will be also extinguished or defeated, for the vendor in such a case has lost his right to recover the purchase money, and cannot have an implied lien to secure that which he has no right to recover.

The sale by title bond, conditioned to make a deed upon the payment of the purchase money, reserves the legal title upon the face of the instrument, and stands.

upon a different footing. So, also, the case of retaining the lien upon the face of the deed is in some respects similar to a mortgage, but different in this, that the "legal title passes by the conveyance, and vests in the purchaser, notwithstanding the reserved lien." But it is a specific lien, forming an original substantive change upon the estate conveyed. 2 Head, 143.

The chancellor held that complainant could not recover upon the notes, or have a lien declared upon the land for their payment, and dismissed the bill, and we are of opinion that his decree is correct, and we affirm it.